**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

JAMMIE L. MARSHALL,

        Plaintiff,

    v.

G.D.C.I. FOOD SERVICE,

        Defendant.

CIVIL ACTION NO.: 6:17-cv-117

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Johnson State Prison in Wrightsville, Georgia, filed a Complaint pursuant to 42 U.S.C. § 1983 contesting events allegedly occurring in Reidsville, Georgia. (Doc. 1.) Plaintiff also filed a Motion for Leave to Proceed *in Forma Pauperis*. (Doc. 3.) For the reasons which follow, the Court **DENIES** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*. (Id.) For these same reasons, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint for failure to state a claim and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. Additionally, I **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.

## BACKGROUND

In his Complaint, Plaintiff asserts he was on detail at the canning plant in Reidsville, Georgia.[1] (Doc. 1, p. 5.) Plaintiff states he was beginning to pull the greens from the slow conveyor belt and place them on the speed belt when the shroud covering the gear and chain caught the tip of his glove because the shroud was not secured properly. Plaintiff maintains his

---

[1] The Court presumes the canning plant is part of the Georgia Department of Corrections' operations in Reidsville, Georgia.

hand was pulled through this area, crushing his hand and extensively damaging it. (Id.) Plaintiff asserts Defendant is personally liable due to the negligent manner in which he was injured. (Id.) Plaintiff also asserts a doctor took a longer than is customary to review his records. (Id. at p. 8.)

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis*. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets, shows an inability to pay the filing fee, and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Court looks to the instructions for pleading contained in the Federal Rules of Civil Procedure when reviewing a Complaint on an application to proceed *in forma pauperis*. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys. . . .") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

**DISCUSSION**

**I.      Dismissal of Claims Against G.D.C.I.**

In order to state a claim for relief under Section 1983, a plaintiff must satisfy two elements.  First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States."  Hale v. Tallapoosa Cty., 50 F.3d 1579, 1582 (11th Cir. 1995).  Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law."  Id.  Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While a plaintiff need not provide detailed factual allegations, a complaint is insufficient if it offers no more than "labels and conclusions," or "an unadorned, the defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678 (citations omitted).

Here, Plaintiff fails to plausibly state a claim that G.D.C.I. should be held liable for his injuries.  At most, Plaintiff alleges that G.D.C.I was negligent in its operations.  However, "Section 1983 simply cannot be used to bring a negligence-based tort suit in federal court, and even read most charitably, [Plaintiff's] allegation" that part of a machine was not secured "sounds in negligence rather than the 'criminal recklessness' required to support a § 1983 claim."  Hopes v. Correct Health, No. CV417-079, 2017 WL 2805108, at *1 (S.D. Ga. June 28, 2017) (quoting Farmer v. Brennan, 511 U.S. 825, 836–40 (1994)), *report and recommendation adopted, sub nom.*, Hopes v. Wilcher, No. CV417-79, 2017 WL 3013263 (S.D. Ga. July 14, 2017).

Additional grounds support dismissal of Plaintiff's claims against Defendant G.D.C.I. Plaintiff makes no indication whether G.D.C.I. is a private corporation or whether this named

Defendant is an arm of the Georgia Department of Corrections. In the latter instance, this Defendant would not be subject to suit under Section 1983 based on Eleventh Amendment immunity principles. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989). "The Eleventh Amendment insulates a state from suit brought by individuals in federal court unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) (footnote omitted) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98–100 (1984)). A lawsuit against a state agency or employee in its official capacity is no different from a suit against a state itself; such a defendant is immune. Will, 491 U.S. at 71. In enacting Section 1983, Congress did not intend to abrogate "well-established immunities or defenses" under the common law or the Eleventh Amendment. Id. at 67. Arms or agencies of the state, such as the Department of Corrections, are therefore immune from suit. See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam ) ("There can be no doubt, however, that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [Georgia] has consented to the filing of such a suit."); Edelman v. Jordan, 415 U.S. 651, 663 (1974); Pugh v. Balish, 564 F. App'x 1010, 1013 (11th Cir. 2014) ("In addition, the Eleventh Amendment bars [plaintiff's] claims against the [superior court judge], since [plaintiff] is suing a state official, in federal court, for damages resulting from actions taken by the judge in his official capacity."); Stevens, 864 F.2d at 115 (Georgia Department of Corrections is barred from suit by Eleventh Amendment).

Even if G.D.C.I is a private entity and pretermitting the question of whether G.D.C.I could be considered a person acting under color of state law[2], Section 1983 liability must be

---

[2] According to Federal Rule of Civil Procedure 17(b)(3), the general rule is that the "capacity to sue or be sued is determined . . . by the law of the state where the court is located. . . ." Accordingly, in this case, Georgia law controls. The Georgia Supreme Court has explained that: "[i]n every suit there must be a legal entity as the real plaintiff and the real defendant. This state recognizes only three classes as legal

5

based on something more than a defendant's supervisory position or a theory of *respondeat superior* or vicarious liability. Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Emp't Sec., 133 F.3d 797, 801 (11th Cir. 1998). Congress did not intend to create liability under § 1983 unless action pursuant to an official policy or custom caused a constitutional tort. Monell v. Dep't of Soc. Servs., 436 U.S 658, 691 (1978). Although Monell involved municipal corporations, the Eleventh Circuit Court of Appeals has extended Monell' s holding to private corporations. Harvey v. Harvey, 949 F.2d 1127, 1129–30 (11th Cir. 1992). However, an entity such as G.D.C.I. cannot be held liable under Section 1983 simply because it employs a tortfeasor. Monell, 436 U.S. at 691.

Plaintiff ostensibly seeks to hold Defendant G.D.C.I. liable solely based on its perceived corporate role at a penal institution or system. However, Plaintiff fails to present any facts indicating G.D.C.I. had any policy or custom in place which resulted in the violation of Plaintiff's constitutional rights. In fact, Plaintiff fails to make even conclusory allegations indicating that his constitutional rights have been violated or that G.D.C.I. should be held responsible for any violation. Accordingly, the Court should **DISMISS** Plaintiff's claims against Defendant G.D.C.I. for these additional reasons.

## II.    Plaintiff's Eighth Amendment Claims

Plaintiff's allegation that a doctor took an unreasonable amount of time to review his records perhaps implicates the Eighth Amendment. The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon a prison official to take

---

entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." Ga. Insurers Insolvency Pool v. Elbert Cty., 368 S.E.2d 500, 502 (Ga. 1988) (quotation omitted). If G.D.C.I. is a corporation and thus, subject to suit under Georgia law, it cannot be held liable based on respondeat superior principles, for the reasons set forth herein.

reasonable measures to guarantee the safety of inmates. The standard for cruel and unusual punishment, embodied in the principles expressed in <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976), is whether a prison official exhibits a deliberate indifference to the serious medical needs of an inmate. <u>Farmer v. Brennan</u>, 511 U.S. 825, 828 (1994). However, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." <u>Harris v. Thigpen</u>, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting <u>Estelle</u>, 429 U.S. at 105). Rather, "an inmate must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." <u>Hill v. DeKalb Reg'l Youth Det. Ctr.</u>, 40 F.3d 1176, 1186 (11th Cir. 1994).

In order to prove a deliberate indifference claim, a prisoner must: 1) "satisfy the objective component by showing that [he] had a serious medical need"; 2) "satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] serious medical need"; and 3) "show that the injury was caused by the defendant's wrongful conduct." <u>Goebert v. Lee Cty.</u>, 510 F.3d 1312, 1326 (11th Cir. 2007). As to the first component, a medical need is serious if it "'has been diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" <u>Id.</u> (quoting <u>Hill</u>, 40 F.3d at 1187). Under the second, subjective component, the Eleventh Circuit Court of Appeals has consistently required that "a defendant know of and disregard an excessive risk to an inmate's health and safety." <u>Haney v. City of Cumming</u>, 69 F.3d 1098, 1102 (11th Cir. 1995). Thus, the subjective component requires an inmate to prove: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." <u>Melton v. Abston</u>, 841 F.3d 1207, 1223 (11th Cir. 2016).[3]

---

[3] Eleventh Circuit case law on whether a claim of deliberate indifference requires "more than *gross* negligence" or "more than *mere* negligence" is contradictory. <u>Compare</u> <u>Goebert</u>, 510 F.3d at 1327, <u>with</u>

"Conduct that is more than mere negligence includes: (1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all." Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011). Additionally, a defendant who "delays necessary treatment for non-medical reasons" or "knowingly interfere[s] with a physician's prescribed course of treatment" may exhibit deliberate indifference. Id. (citations omitted). In instances where a deliberate indifference claim turns on a delay in treatment rather than the type of medical care received, a court considers "the reason for the delay and the nature of the medical need." Farrow v. West, 320 F.3d 1235, 1246 (11th Cir. 2003) (citing McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999)).

While Plaintiff's injured hand is a condition constituting a serious medical need, Plaintiff simply fails to make sufficient factual allegations in his Complaint that any individual should be held liable for the alleged violations of Plaintiff's constitutional rights. Instead, Plaintiff makes conclusory statements that a doctor took an unreasonable time to review Plaintiff's medical records. An unidentified amount of delay in the review of medical records without more is not sufficient to implicate the Eighth Amendment. Additionally, conclusory allegations are insufficient bases for liability. Furthermore, Plaintiff does not name the doctor as a defendant in this case, and he does not explain how G.D.C.I. could be held liable for the doctor's delay in treatment. Additionally, as explained above, Defendant G.D.C.I. would be immune from suit if

---

Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011). In Melton, the Eleventh Circuit found "more than mere negligence" to be the appropriate standard. 841 F.3d at 1223 n.2. Even so, at least two unpublished Eleventh Circuit cases post-Melton use the "gross negligence" standard. See, e.g., Woodyard v. Ala. Dep't of Corr., 2017 WL 2829376 (11th Cir. June 30, 2017); Sifford v. Ford, 2017 WL 2874517 (11th Cir. July 6, 2017). However, because the Eleventh Circuit explicitly addressed this issue in the published Melton case, which is a published decision, this Court will apply the "more than mere negligence" standard.

it is a state entity, and, regardless of its status, it cannot be held liable under Section 1983 under a theory of *respondeat superior* or vicarious liability.

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson, 393 F. App'x at 678. Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Accordingly, the Court should **DISMISS** Plaintiff's putative Eighth Amendment claims, which he levied against an unnamed entity and do not rise to the level of establishing an Eighth Amendment violation.

## III. Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[4] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v.

---

[4] A certificate of appealability is not required in this Section 1983 action.

<u>Gross</u>, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." <u>Napier v. Preslicka</u>, 314 F.3d 528, 531 (11th Cir. 2002); <u>see also</u> <u>Brown v. United States</u>, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*. I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint for failure to state a claim and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. Additionally, I **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed

findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 5th day of December, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA