IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| JAMMIE L. MARSHALL, | * | |
| Plaintiff, | * | |
| v. | * | CV 617-117 |
| G.D.C.I. FOOD SERVICE, | * | |
| Defendant. | * | |

**O R D E R**

Plaintiff is presently confined at Johnson State Prison in Wrightsville, Georgia. Plaintiff, proceeding *pro se*, initiated the present action with the filing of a complaint pursuant to 42 U.S.C. § 1983 regarding events allegedly occurring while he was an inmate at Rogers State Prison ("RSP") in Reidsville, Georgia. (Doc. 1; see also Doc. 7, ¶ 5.) In his complaint, Plaintiff alleged that: (i) his left hand was seriously injured while operating improperly-maintained equipment at a canning plant while he was on work detail at RSP on or about December 22, 2015; and (ii) a doctor took an unreasonable amount of time to review his records in connection with his aforementioned injury. (See Doc. 1, at 3-5, 8.) Plaintiff subsequently filed a motion to proceed *in forma pauperis*. (Doc. 3.)

On December 5, 2017, the United States Magistrate Judge conducted an initial review of Plaintiff's pleadings and other filings and entered a report and recommendation ("R&R") wherein

he recommended that Plaintiff's complaint be dismissed for failure to state a claim and that this case be closed. (Doc. 5.) Indeed, with regards to Plaintiff's allegations concerning improperly-maintained equipment at the canning plant, the Magistrate Judge concluded that: (i) Plaintiff's allegations regarding the improperly-maintained equipment was more appropriately considered a "negligence-based tort" rather than a claim under Section 1983; (ii) Plaintiff had failed to indicate whether Defendant G.D.C.I. Food Service ("G.D.C.I") was a private corporation (as opposed to "an arm of the Georgia Department of Corrections" insulated from suit under Section 1983 by the Eleventh Amendment); and (iii) even if G.D.C.I. was a private corporation subject to suit, Plaintiff's allegations against G.D.C.I. appeared to be based solely upon theories of *respondeat superior* or vicarious liability (which are non-cognizable under Section 1983). (Id. at 4-6.) Further, with regards to Plaintiff's allegations concerning a doctor's delayed review of his medical records, the Magistrate Judge concluded that: (i) Plaintiff failed to make sufficient factual allegations in his complaint to demonstrate deliberate indifference to his medical needs; and (ii) Plaintiff had failed to name the relevant doctor as a defendant in this case and/or explain how G.D.C.I. could be held liable for that doctor's (in)actions. (Id. at 6-9.) For these reasons, the Magistrate

2

Judge also denied Plaintiff's motion to proceed *in forma pauperis*. (Id. at 10.)

On December 21, 2017, the Court received Plaintiff's objections to the R&R. (Doc. 7.) Therein, Plaintiff asserted his belief that he had set forth sufficient factual allegations to survive dismissal. (Id. ¶ 3.) Further, while Plaintiff admitted that he "possibly inadvertently omitted some of the facts when preparing his final draft of the complaint," he asserted it was error for the Magistrate Judge to not grant him leave to amend his complaint "to add the omitted facts." (Id. ¶ 4; see also id. ¶¶ 5-16 (attempting to set forth additional factual statements in support of his claims, including that Plaintiff had advised "prison detail officers" and "canning plant maintenance personnel on numerous occasions" regarding issues with the machinery that caused his injuries).) Plaintiff further stated that he "was under the impression that he was simply to name the part of the Department of Corrections to which he was assigned to as a defendant in his complaint" and, similarly, that "refer[ring] to the doctor's actions and inactions" was sufficient to have him included as a defendant in this action.[1] (Id. ¶¶ 17-18.)

After conducting an independent and *de novo* review of the entire record, this Court adopted the Magistrate Judge's R&R as

---

[1] Notably, while Plaintiff only specifically named G.D.C.I. in the caption of his complaint, he did style the case as "Jammie L. Marshall v. G.D.C.I., *et al.*" (See Doc. 1, at 1 (emphasis added).)

3

its own opinion on January 23, 2018. (Doc. 8 (the "Dismissal Order").) Accordingly, the Court dismissed Plaintiff's complaint for failure to state a claim and closed this case. (Id.)

On February 5, 2018, the Court received Plaintiff's instant motion seeking reconsideration of the Dismissal Order. (Doc. 10.) Therein, Plaintiff requests that he be allowed to submit an amended complaint that "correct[s] any and all failed claims . . . [and] include[s] all names that the Magistrate Judge has deemed that Plaintiff has failed to mentioned [sic] in [his] complaint." (Id.) Plaintiff, however, did not attach a copy of his proposed amended complaint to his motion seeking reconsideration.

Here, the Court concludes that the aforementioned defects identified in Plaintiff's claims may have been curable via amendment. Accordingly, the Court was obligated to give Plaintiff at least one opportunity to cure before dismissing his action with prejudice for failure to state a claim. See Carter v. HSBC Mortgage Servs., Inc., 622 F. App'x 783, 786 (11th Cir. 2015) ("A *pro se* plaintiff . . . must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice, at least where a more carefully drafted complaint might state a claim. This is true even where the plaintiff does not seek leave to amend until after the district court enters final judgment." (internal

4

quotations and emphasis omitted) (citing <u>Bank v. Pitt</u>, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled in part by <u>Wagner v. Daewoo Heavy Indus. Am. Corp.</u>, 314 F.3d 541, 542 (11th Cir. 2002) (en banc))). Therefore, the Court will vacate the Dismissal Order and grant Plaintiff the opportunity to amend his complaint.

Accordingly, upon the foregoing and due consideration, **IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration (doc. 10) is **GRANTED** and the Dismissal Order (doc. 8) is **VACATED**. **IT IS FURTHER ORDERED** that the portion of the Magistrate Judge's R&R (doc. 5) in which the Magistrate Judge denied Plaintiff's motion to proceed *in forma pauperis* in this matter is **VACATED**. **IT IS FURTHER ORDERED** that Plaintiff is **GRANTED LEAVE TO AMEND** his complaint as to both of his substantive claims. If Plaintiff wishes to proceed forward with this case, he **SHALL** file his forthcoming amended complaint **by the close of business on Thursday, May 17, 2018**; Plaintiff's failure to file his forthcoming amended complaint within this time-period as directed may result in the dismissal of this action with prejudice without further notice.[2] Upon the timely

---

[2] The amended complaint must be typed or printed legibly so that the Court may discern Plaintiff's claims, and it will supersede and replace in its entirety the previous pleadings filed by Plaintiff; no portion of any prior pleading shall be incorporated into his amended complaint by reference. See <u>Hoefling v. City of Miami</u>, 811 F.3d 1271, 1277 (11th Cir. 2016); <u>Lowery v. Alabama Power Co.</u>, 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case"). While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his pleading. For example, Plaintiff should not simply state, "see

filing of Plaintiff's forthcoming amended complaint, the Magistrate Judge is **DIRECTED** to perform a frivolity review of the amended complaint, consider the merits of Plaintiff's motion to proceed *in forma pauperis* in light thereof, and enter further orders herein as appropriate to move this case towards resolution.

**ORDER ENTERED** at Augusta, Georgia, this 26th day of April, 2018.

```
_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
```

---

attached documents," as the Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint. Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order. Therefore, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all claims that he wishes the Court to consider as a basis for awarding the relief sought. Finally, Plaintiff shall identify by name - in both the case caption and the relevant paragraphs of the body of his complaint - each and every defendant against whom he is asserting claims.