# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

JAMMIE L. MARSHALL,

    Plaintiff,

v.

G.D.C.I., FOOD SERVICE, et al.,

    Defendants.

CIVIL ACTION NO.: 6:17-cv-117

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

In accordance with the Court's April 26, 2018 Order granting his Motion for Reconsideration, doc. 13, Plaintiff filed an Amended Complaint under 42 U.S.C. § 1983 to contest certain conditions of his confinement while he was incarcerated at Rogers State Prison in Reidsville, Georgia.[1] Doc. 16. Plaintiff also filed a Motion for Leave to Proceed *in Forma Pauperis*. Doc. 3. For the following reasons, I **GRANT** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*. Doc. 3. I also **RECOMMEND** the Court **DISMISS** Plaintiff's claims against the Georgia Department of Corrections, Supervisor Peterson, and Dr. Lewis for failure to state a claim. However, I find that Plaintiff has stated a colorable claim for deliberate indifference against Defendants Hall, White, and Tatum in their individual capacities and **ORDER** the United States Marshals Service to serve a copy of Plaintiff's Amended Complaint and this Order on Defendants Hall, White, and Tatum.

---

[1] Plaintiff has since been released from state custody. Doc. 17.

## BACKGROUND

In his Amended Complaint, Plaintiff asserts that, on the morning of December 22, 2015, while on work detail at Rogers State Prison, the cannery equipment with which Plaintiff was working malfunctioned.[2] Doc. 16 at 2–3. More specifically, Plaintiff alleges that his left hand was caught under a shroud which was not properly secured and that this permanently injured his hand. Id. at 2, 3, 14. Plaintiff alleges he wrote to Defendants Hall, White, and Tatum prior to the accident, notifying them that "the shroud was not properly secured as it should have been." Id. at 3. Plaintiff also alleges that Dr. Sharon Lewis took an unreasonable amount of time to review his medical grievance and that this caused him to file the suit now before the Court. Id. at 2. In his Amended Complaint, Plaintiff also names "Supervisor Peterson" and the Georgia Department of Corrections ("GDC") as Defendants.[3] Id. at 5, 17. However, as to these Defendants, Plaintiff states only that GDC "has a duty of care under state law [to ensure the wellbeing of inmates under its control]" and that "Supervisor Peterson and the maintenance crew who . . . worked the morning of 12-22-15 did 'pose' an unreasonable risk of serious damage to Plaintiffs future health and safety[.]" Id.

---

[2] Plaintiff's Amended Complaint supersedes and replaces his original complaint and is now the operative pleading in this case. Lowery v. Ala. Power Co., 483 F.3d 1271, 1277 (11th Cir. 2007).

[3] The Court's April 26, 2018 Order granting Plaintiff leave to file an amended complaint directed Plaintiff to "identify by name–in both the case caption and the relevant paragraphs of the body of his complaint–each and every defendant against whom he is asserting claims." Doc. 13 at 5–6 n.2. Plaintiff did not heed this instruction and instead included listed "G.D.C.I., Food Service, et al," as Defendants in the caption of his Amended Complaint. However, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). Accordingly, the Court has identified Defendants by examining the body of Plaintiff's Amended Complaint.

**STANDARD OF REVIEW**

Plaintiff seeks to bring this action *in forma pauperis*. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets, shows an inability to pay the filing fee, and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Court looks to the instructions for pleading contained in the Federal Rules of Civil Procedure when reviewing a Complaint on an application to proceed *in forma pauperis*. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court

3

must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys. . . .") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I. Claims Against the GDC

Read liberally, Plaintiff alleges in his Amended Complaint that the GDC was negligent for failing to maintain canning equipment. Doc. 16 at 17. This allegation is insufficient to sustain a claim against the GDC. The GDC is an arm of the state and is immune from suit under

§ 1983 based on the Eleventh Amendment. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989); Stevens v. Gay, 864 F.2d 113, 115 (11th Cir. 1989) ("The Eleventh Amendment bars this action against the Georgia Department of Corrections and Board of Corrections."). "The Eleventh Amendment insulates a state from suit brought by individuals in federal court unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens, 864 F.2d at 114 (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98–100 (1984)). A lawsuit against a state agency or employee in its official capacity is no different from a suit against a state itself; such a defendant is immune. Will, 491 U.S. at 71. In enacting § 1983, Congress did not intend to abrogate "well-established immunities or defenses" under the common law or the Eleventh Amendment. Id. at 67. Arms or agencies of the state, such as the Department of Corrections, are therefore immune from suit. See Alabama v. Pugh, 438 U.S. 781, 782 (1978) ("There can be no doubt, however, that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [Georgia] has consented to the filing of such a suit."); Edelman v. Jordan, 415 U.S. 651, 663 (1974). Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against the GDC.

## II. Deliberate Indifference Claims

Plaintiff asserts deliberate indifference claims against Supervisor Peterson, Officers Hall and White, and Warden Tatum in their individual capacities.[4] "The Eighth Amendment prohibits deliberate indifference to an inmate's health or safety." Smith v. Owens, 625 F. App'x 924, 927 (11th Cir. 2015) (citing Hope v. Pelzer, 539 U.S. 730, 737–38 (2002)). A plaintiff

---

[4] Plaintiff does not indicate if he is asserting claims against Defendants in their official capacities or individual capacities. However, as previously discussed, government employees are immune from suit in their official capacities absent some waiver of that immunity. Will, 491 U.S. at 71. The Court, therefore, construes Plaintiff's claims against Defendants as claims against them in their individual, rather than official, capacities.

5

must plead more than mere negligence to state a claim for an Eighth Amendment violation. Smalls v. Berrios, Case No: 3:06cv95, 2007 WL 1827465 at *5 (N.D. Fla. June 25, 2007). A plaintiff must instead show: (1) an objective, serious risk of physical harm; (2) a subjective, deliberate indifference by defendant to that risk; (3) and causation. Id. at *4; Alexander v. Barefield, Case No: 5:06cv22, 2007 WL 1655383 at *3–4 (N.D. Fla. June 7, 2007). The second, subjective component is met where a defendant disregards a known, clear risk to a prisoner's safety. Farmer v. Brennan, 511 U.S. 825, 835–37 (1994).

Here, Plaintiff asserts, prior to his accident, he sent letters to Officers Hall and White as well as Warden Tatum, notifying them of the alleged defect in the canning equipment. Doc. 16 at 3. Treating Plaintiff's allegations as true, as the Court must at this stage, Defendants Hall, White, and Tatum arguably had notice Plaintiff was at risk of being injured by the canning equipment and did not act to reduce that risk. Plaintiff also asserts that their indifference caused the injury to his arm. Id. at 4. Therefore, Plaintiff's allegations are sufficient to state a claim for deliberate indifference against Defendants Hall, White, and Tatum.[5]

However, Plaintiff does not similarly allege he notified Supervisor Peterson of the defect in the canning equipment. Instead, he mentions Supervisor Peterson in only one paragraph of his Amended Complaint and makes only a conclusory allegation that Peterson, along with other Defendants, posed "an unreasonable risk of serious damage to Plaintiff's future health[.]" Id. at 5. Because Plaintiff does not allege that Defendant Peterson was aware of and deliberately indifferent to a risk to Plaintiff's health, Plaintiff fails to state a deliberate indifference claim

---

[5] Plaintiff cannot state a claim against Warden Tatum under a theory of respondeat superior. Liability under § 1983 must be based on more than a defendant's supervisory position. Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009). However, Plaintiff alleges Defendant Tatum was personally aware of a serious risk to Plaintiff's health and that Defendant Tatum did not act to eliminate that risk. Doc. 16 at 3.

against Peterson. I, therefore, **RECOMMEND** the Court **DISMISS** all claims against Supervisor Peterson.

### III. Delay in Reviewing Medical Records Claim

Plaintiff finally alleges that Dr. Sharon Lewis acted with unreasonable delay in failing to review his medical records and, as a result, Plaintiff was forced to file this lawsuit. Id. at 2. Aside from a single sentence containing this allegation, Plaintiff does not mention Dr. Lewis in his Amended Complaint. For a prisoner to successfully state a claim against a doctor for a delay in reviewing medical records, he must, among other requirements, allege that the delay caused either physical or constitutional harm. Goebert v. Lee County, 510 F.3d 1312, 1327 (11th Cir. 2007). Here, Plaintiff does not allege that any independent constitutional violation or harm arose from the purported delay. Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Dr. Lewis.

### IV. Leave to Proceed *in Forma Pauperis* in this Court

Having determined that not all of Plaintiff's claims are due to be dismissed, the Court now turns to Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*. Doc. 3. After reviewing Plaintiff's Motion, it appears that Plaintiff lacks sufficient resources to prepay the filing fee. Id. Accordingly, the Court **GRANTS** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*. The Court also **ORDERS** the United States Marshal to serve a copy of Plaintiff's Amended Complaint, doc. 16, on Defendants Hall, White, and Tatum.

### V. Leave to Appeal *in Forma Pauperis*

Should the Court adopt my recommendation that Plaintiff's claims against Defendants Georgia Department of Corrections, Peterson, and Lewis be dismissed, the Court should also

deny Plaintiff leave to appeal *in forma pauperis* as to the dismissed claims.[6]   Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal.   Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith.   28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).   Good faith in this context must be judged by an objective standard.   Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).   A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.   See Coppedge v. United States, 369 U.S. 438, 445 (1962).   A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.   Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).   An *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact."   Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.   Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal as to any dismissed claims.

## CONCLUSION

For the forgoing reasons, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendants GDC, Peterson, and Lewis.   However, I find that Plaintiff has stated colorable deliberate indifference claims against Defendants Hall, White, and Tatum in their

---

[6]   A certificate of appealability is not required in this § 1983 action.

individual capacities.  Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed *in Forma Pauperis*, doc. 3, and **ORDERS** the United States Marshal to serve a copy of Plaintiff's Amended Complaint, doc. 16, and a copy of this Order on Defendants Hall, White, and Tatum.[7]

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 30th day of April, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[7] Because the Court has granted **Error! Main Document Only.**Plaintiff leave to proceed in this case *in forma pauperis* pursuant to 28 U.S.C. § 1915, service must be perfected by the United States Marshal.  Fed. R. Civ. P. 4(c)(3).  A copy of Plaintiff's Amended Complaint and a copy of this Order shall be served upon Defendants by the United States Marshal without prepayment of cost.  In most cases, the Marshal will first mail a copy of the complaint to a defendant by first-class mail and request that each defendant waive formal service of the summons.  Fed. R. Civ. P. 4(d).  Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver.  Fed. R. Civ. P. 4(d)(2).  Generally, a defendant who timely returns the waiver is not required to answer the complaint until 60 days after the date that the Marshal sent the request for waiver.  Fed. R. Civ. P. 4(d)(3).  If any Defendant elects to file a Waiver of Reply, then that Defendant must file either a dispositive motion or an answer to the complaint within 30 days of the filing of said Waiver of Reply.